bond states that the principal is charged by complaint with the offense of a felony, it does not mean that the offense with which he was charged was a felony, is more than hypercritical.

The judgment is affirmed.

---

HIPPEL v. TATE FURNITURE CO.
(No. 5504.)

(Court of Civil Appeals of Texas. Austin. May 19, 1915.)

SALES ☞359—ACTIONS FOR PURCHASE PRICE —EVIDENCE—SUFFICIENCY.

In an action for the purchase price of furniture, which defendant claimed was not according to sample, a verdict for plaintiff for the full claim *held* not contrary to the overwhelming weight of evidence.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 511, 1056–1059; Dec. Dig. ☞359.]

Appeal from Freestone County Court; R. L. Williford, Judge.

Action by the Tate Furniture Company against J. C. Hippel. From a judgment for plaintiff, defendant appeals. Affirmed.

A. B. Geppert, of Teague, for appellant.

KEY, C. J. The Tate Furniture Company, a foreign corporation, brought this suit against J. C. Hippel, seeking to recover judgment for $490.25 alleged to be due from the defendant to the plaintiff upon a sworn account for certain furniture sold by the plaintiff to the defendant. The defendant filed an answer admitting that he ordered certain merchandise, but alleged that the plaintiff's agent who procured the order represented that the goods ordered were first-class and equal in style, finish, and material to certain other goods of like kind the defendant had in stock at the time the order was given. It was also alleged that, when the goods were unpacked after having been received by defendant, he discovered that they were of an inferior quality, and not such goods as the agent had represented and guaranteed that they should be; that he promptly notified the plaintiffs of that fact, and requested them to send a representative to adjust the matter, which they refused to do, whereupon he placed the goods in stock and sold them to the best possible advantage. He did not allege the price for which he sold them nor whether he made a profit or loss, nor did he pray for damages as an offset to the plaintiff's claim, his prayer reading as follows: "Wherefore defendant prays the judgment of the court." However, there was no exception to the answer, and the court instructed the jury that, if the plaintiff's agent misrepresented the quality of the goods, and they were worth less than the contract price, to allow the defendant the benefit of that fact and deduct the difference from the contract price of the goods.

The jury returned a verdict for the plaintiff for the full amount of the contract price of the goods, and the defendant has appealed, and presents for decision only one question, which is embodied in the contention that the overwhelming weight of the testimony showed that the goods delivered were of an inferior quality and grade, and not such as had been ordered, and therefore the plaintiff was not entitled to recover the full contract price. As a witness in his own behalf, the defendant testified to the facts substantially as alleged in his answer, and also introduced the testimony of two other witnesses engaged in selling furniture, who testified that the defendant pointed out to them certain goods which he stated he had ordered from the plaintiff, and that the goods so pointed out were not of the grade of other goods in the defendant's store, but were of an inferior and cheaper quality, estimating the difference at from 35 per cent. to 50 per cent. The plaintiff offered no testimony bearing upon that question. The statement of facts fails to show that the goods about which the other two witnesses testified were the goods involved in this case. They merely stated that the defendant pointed out to them certain goods, said by him to have been purchased from the Tate Furniture Company, but when that occurred was not stated, nor was it shown that the defendant purchased only the one lot of goods from the Tate Furniture Company. Hence we conclude that the jury had the right to reach the conclusion that the testimony of the two witnesses referred to fell short of showing the quality of the goods here involved. This left the defendant's testimony without corroboration, and as he was vitally interested in the case, and as the suit was between him and a foreign corporation, and was tried before a jury of his own county, and as his own testimony shows that he made a profit of 30 per cent. upon the goods in question, we do not feel warranted in setting aside the verdict. Besides the fact that the defendant was vitally interested in the matter about which he was testifying, there may have been something in his manner as a witness which, together with the circumstance of his interest, justified the jury in declining to give credence to his testimony.

Appellee has suggested that it is manifest that this appeal is for delay only, and has asked 10 per cent. damages, which request is refused.

No reversible error has been shown, and the judgment is affirmed.

Affirmed.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes